IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

JELERIA JONES,              :

    Plaintiff,            :

vs.                         :          CA 09-0724-CG-C

MICHAEL J. ASTRUE,          :
Commissioner of Social Security,
                              :
    Defendant.

## REPORT AND RECOMMENDATION

This cause is before the undersigned for entry of a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B), on plaintiff's motion to dismiss this action (Doc. 4).[1]

The undersigned, in truth, need not enter this report and recommendation since the defendant has not filed an answer and plaintiff's motion can simply be construed as a notice of voluntary dismissal pursuant to Rule 41(a)(1)(A)(i) of the Federal Rules of Civil Procedure. *See id.* ("Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing: [] a notice of

---

[1] In light of the contents of this report and recommendation, plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 2) is **MOOT**.

dismissal before the opposing party serves either an answer or a motion for summary judgment[.]"). Nevertheless, since plaintiff's counsel has specifically filed a motion to dismiss (Doc. 4), the undersigned, discerning no harm in doing so, enters this report and recommendation.

Rule 41(a)(2) of the Federal Rules of Civil Procedure reads, in relevant part, as follows: "Except as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." While "[a] dismissal under Rule 41(a)(2) is generally without prejudice[,]" this Court "has the power to specify otherwise." *Druhan v. American Mut. Life*, 166 F.3d 1324, 1325 n.3 (11th Cir. 1999) (citation omitted).

Given the contents of plaintiff's motion to dismiss (*see* Doc. 4 ("Comes now the Plaintiff, by an through her attorney of record, and files this Motion to Dismiss, and for grounds would state as follows: The Plaintiff no longer wants to pursue this claim.")), the undersigned recommends that the Court grant the motion to dismiss pursuant to Fed.R.Civ.P. 41(a)(2).

## **CONCLUSION**

In consideration of the foregoing, the undersigned recommends that this cause of action be **DISMISSED** pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

The attached sheet contains important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 8th day of December, 2009.

 s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**

# MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND **FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      *Objection*.  Any party who objects to this recommendation or anything in it must, within ten days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.